UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN JAMISON and
RICHARD JOHNSTON,

        Plaintiffs,        Case No. 1:18-cv-233

v.        Hon. Robert J. Jonker

CATHERINE WOLFE and
LAW OFFICE OF CATHERINE WOLFE
PLC,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is an action brought by *pro se* plaintiffs Alvin Jamison and Richard Johnston. This matter is now before the Court on "Defendants' Motion to Dismiss Amended Complaint under Fed. R. Civ. P. Rule 12(b)(6)" (ECF No. 40) and "Defendants' Motion to Dismiss Amended Complaint under Fed. R. Civ. P. Rule12(b)(6)" (ECF No. 41). The motions are unopposed.

    **I.**    **Background**

On February 21, 2018, *pro se* plaintiffs, both of whom are incarcerated in the State of Nevada, filed a complaint in the United States District Court for the Eastern District of Michigan (ECF No. 1). The case was transferred to this district (ECF No. 7). Shortly thereafter, the parties filed about 200 pages of motions and briefs with respect to the sufficiency of the complaint. Ultimately, the Court entered an order directing plaintiffs to file an amended complaint consistent with its instructions (ECF No. 33) and an order denying defendants' motion for a TRO (ECF No. 36).

Plaintiffs filed a first amended complaint (ECF No. 39), and defendants responded by filing two motions to dismiss. While both dispositive motions are filed by "defendants," each was e-filed by a different defendant, *i.e.*, "Law Office of Catherine L. Wolfe PLC" e-filed a motion to dismiss and brief (ECF Nos. 40 and 42) and "Catherine L. Wolfe" e-filed a motion to dismiss and brief (ECF Nos. 41 and 43). Defendants filed three other briefs which appear to be copies of one or the other previously filed briefs (ECF Nos. 44, 45 and 46). Defendants also filed proposed orders to dismiss (ECF Nos. 47 and 48).

To further complicate matters, plaintiffs have failed to keep the Court apprised of their current addresses. The Court's Order denying the TRO served on plaintiff Johnston was returned as undeliverable. *See* Returned Mail (ECF No. 51). Similarly, defendants' service of documents mailed via priority mail to plaintiff Johnston were returned to defendants marked "Return to Sender". *See* Notices (ECF Nos. 53, 54, 55 and 56). Finally, on May 8, 2019, plaintiff Jamison mailed a letter to the Clerk's Office stating that he has been ill, had no contact with co-plaintiff, and requested a copy of the first amended complaint. *See* Letter (ECF No. 58). However, there is no evidence that Jamison submitted payment for the copy.

## II.    Plaintiff Richard Johnston

Plaintiff Johnston has made no effort to prosecute this action. He has failed to respond to defendants' motions to dismiss and has failed to keep the Court apprised of his address. The local court rules provide that "[a] judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules" and that if good cause is not shown, "a district judge may enter an order of dismissal with or without prejudice, without or without costs."   W.D. Mich. LCivR 41.1. The local court rules further provide that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds

for dismissal for want of prosecution." *Id.* Plaintiff's action is subject to dismissal for want of prosecution because he has failed to keep the Court apprised of his current address as required by W.D. Mich. LCivR 41.1. *Id.* While W.D. Mich. LCivR 41.1 contemplates the issuance of an order to show cause prior to dismissal, such an order would be a useless act because the Court has no means to contact plaintiff. Accordingly, plaintiff Johnston's claims should be dismissed for want of prosecution.

### III.    Plaintiff Alvin Jamison

Defendants served plaintiff Jamison with their motions to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim if it fails to give the defendants a fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). Here, defendants seek to dismiss the first amended complaint because it failed to state a claim upon which relief can be granted and it failed to comply with the Court's November 19, 2018 Order, which directed plaintiff's to file an amended complaint "consistent with this order and the court rules." Order (ECF No. 33). Specifically, defendants point out that plaintiffs did not drop their legal malpractice claims against the individual defendant, Catherine L. Wolfe; plaintiffs included multiple unrelated factual allegations in numbered paragraphs contrary to Fed. R. Civ. P. 10(b)'s requirement that claims in numbered paragraphs be "limited as far as practicable to a single set of circumstances;" the pages include margins in excess of one inch with writing which "extends to the back side of pages;" and that plaintiffs failed to state a claim for legal malpractice. *See* Defendants' Briefs (ECF Nos. 42 and 43).

As discussed, neither plaintiff filed a response to the motions to dismiss. Failure by a plaintiff to respond to a motion to dismiss constitutes a forfeiture of the claims to which the

motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).[1]  Accordingly, plaintiffs' first amended complaint should be dismissed.

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff Richard Johnston's claims against defendants be **DISMISSED** for lack of prosecution.

I further recommend that defendants' motions to dismiss (ECF Nos. 40 and 41) be **GRANTED** and that this action be **DISMISSED**.

Dated:  September 4, 2019            /s/ Ray Kent
                                     United States Magistrate Judge

---

[1] Plaintiffs' status as *pro se* litigants does not excuse their failure to oppose the motions to dismiss.  "*Pro se* litigants are required to follow the rules of civil procedure." *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999).  A *pro se* plaintiff "volitionally assumes the risks and accepts the hazards which accompany self-representation." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000).

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).